UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| STACY D. DAVIDSON-STEVENSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-137-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WEST ASSET MANAGEMENT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant, | ) | |

\*\* \*\* \*\* \*\* \*\*

Defendant West Asset Management ("West Asset") has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. [Record No. 3] Plaintiff Stacy D. Davidson-Stevenson, proceeding *pro se*, did not file a response to the motion within the time permitted by Local Rule 7.1. For the reasons set forth below, the Court will dismiss the claim under the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681a, *et seq.*, deny the motion to dismiss the claims for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*, and grant the plaintiff leave to amend the Complaint.

**I.**

Davidson-Stevenson claims that West Asset violated "multiple FDCPA laws." [Record 1-1 at ID# 6] After receiving a bill, Plaintiff requested verification of the alleged debt through a letter to West Asset sent by certified mail on February 27, 2013. [*Id.*] West Asset did not respond to the request by certified mail for more than six (6) months. Then, on October 10, 2013, Davidson-Stevenson received a statement from West Asset indicating that

she "still owed" the bill that she disputed in February. [*Id.*] In response, Davidson-Stevenson sent another request for verification to West Asset on October 18, 2013. [*Id.*] On November 6, 2013, West Asset responded that the debt was no longer with West Asset and that her balance was zero. In the interim, the plaintiff received a letter dated November 1, 2013, indicating that she owed the debt to another entity, Credit Control, LLC. [*Id.*] On or before May 8, 2014, West Asset reported the debt to the three consumer reporting agencies. [*Id.*]

On May 12, 2014, the plaintiff filed a Complaint in the Small Claims Division of Pulaski District Court. [*Id.*] Davidson-Stevenson alleges that West Asset failed to send her a proper written debt validation notice, failed to adequately respond to her efforts to dispute the debt, continued to attempt to collect the disputed debt, and incorrectly reported the debt to the three major consumer reporting agencies. [*Id.*] Because the plaintiff alleges violations of the FDCPA, and arguably the FCRA, West Asset removed the matter to this Court on June 9, 2014, based on federal question jurisdiction. West Asset now moves to dismiss all claims because Davidson-Stevenson has not sufficiently alleged violations of the FDCPA and FCRA.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a Rule 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, it need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

# III.

### A. Fair Credit Reporting Act

West Asset argues that Davidson-Stevenson has not stated a cause of action under the FCRA.[1]  The Court agrees.  A plaintiff must show that the entity furnishing the credit information (West Asset) received notice that a debt was disputed from the consumer reporting agency.  *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615–16 (6th Cir. 2012)); *see Carter v. Equifax Info. Servs.*, No. 3:13-cv-469-TAV, 2014 WL 1234651, at *4 (E.D. Tenn. March 25, 2014). Here, the plaintiff's Complaint indicates that she contacted the furnisher directly to dispute the debt, rather than notifying the consumer reporting agency.  [Record 1-1] Accordingly, this Court will dismiss the FCRA claim without prejudice.

### B. Fair Debt Collection Practices Act

West Asset argues that the FDCPA claims also must be dismissed because the Complaint omits necessary factual allegations and that the factual allegations included in the complaint are inconsistent.  Citing *GMAC Mortg., LLC v. McKeever*, No. 08-CV-459, 09-CV-362-JBC, 2010 WL 2635959, at *3 (E.D. Ky. June 22, 2010), it argues that the plaintiff's threadbare recitation of the statutory text and legal conclusions are insufficient to state a claim.  However, unlike the plaintiff if *GMAC*, Davidson-Stevenson cited specific provisions of the FDCPA that she believed West Asset violated, including 15 U.S.C. § § 1692g, 1692c. And she alleges sufficient facts to support her claim.

---

[1] The Court notes that the plaintiff did not specifically reference the FCRA in her Complaint, so it is unclear whether she intended to state a FCRA claim.

To establish a claim under the FDCPA, a plaintiff must show that: (1) she is a "consumer" as defined in 15 U.S.C. § 1692a(3); (2) the "debt" arises out of a transaction that is "primarily for personal, family or household purposes;" (3) the defendant is a "debt collector" as defined in the FDCPA; and (4) the defendant has violated one of the prohibitions in the FDCPA. *Estep v. Manley Deas Kochalski, LLC*, 942 F. Supp. 2d 758, 767 (S.D. Ohio 2013) (citing *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)). Pursuant to 15 U.S.C. § 1692g, "'[i]f the consumer notifies the debt collector in writing' within thirty days of receiving 'communication . . . in connection with the collection of any debt,' that he disputes any portion of the debt, 'the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . .'" *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, No. 13-2026, 2014 WL 3440174, at *4 (6th Cir. July 16, 2014) (quoting 15 U.S.C. § 1692g). Here, Davidson-Stevenson also alleges that West Asset continued to contact her in violation of 15 U.S.C. § 1692c(c).

West Asset argues that the Complaint should be dismissed because the plaintiff omitted certain necessary facts, including the fact that West Asset is a debt collector and that the underlying transaction was for a personal, family or household purpose. *See Estep*, 942 F. Supp. 2d at 767. However, "pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citing *Willliams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

Davidson-Stevenson has asserted that West Asset is a "collector" and she has alleged sufficient facts to infer that West Asset was acting as a debt collector with respect to the

alleged debt in this instance. [Record 1-1] While she did not specifically state the date that she received the original "bill" or initial communication, this Court can infer from the language in the Complaint that she timely requested verification on February 27, 2013, and that West Asset did not comply with its statutory duties under the FDCPA within the requisite time frame.

West Asset further argues that the plaintiff's Complaint is inconsistent because Davidson-Stevenson states that she received no response from West Asset and assumed the matter was resolved after her February correspondence, and then that she received correspondence from West Asset in October 2013. [Record 1-1] This Court reads the Complaint to assert that the plaintiff did not receive correspondence directly related to her February 2013 letter and that she did not receive anything from West Asset until October 2013. This is not a factual inconsistency warranting dismissal of this claim. Assuming the factual allegations in the Complaint are true as this Court must during a Rule 12(b)(6) inquiry, and liberally construing the pro se Plaintiff's allegations, the Court finds the plaintiff's claim to be plausible on its face. *Iqbal*, 556 U.S. at 679.

Because the Complaint may be technically deficient in several respects, and out of an abundance of caution, however, the Court will grant the pro se plaintiff fourteen (14) days to cure the deficiencies described above. In her Amended Complaint, Davidson-Stevenson should clarify the elements of the claim, such as whether she is a "consumer," whether the alleged debt was incurred for primarily for personal, family or household purposes, whether West Asset is a debt collector, as well as the date of the initial communication from West Asset. Additionally, the Complaint states that the plaintiff has copies of the correspondence

referenced therein.  She may include copies of that correspondence with her Amended Complaint.

**IV.**

For the foregoing reasons and analysis, it is hereby

**ORDERED** as follows:

(1)     Defendant West Asset Management's Motion to Dismiss [Record No. 3] is **GRANTED**, in part, and **DENIED**, in part, as set forth above.

(2)     Plaintiff Stacy D. Davidson-Stevenson is granted leave to file an Amended Complaint to address the issues outlined above within **FOURTEEN (14) DAYS** of entry of this Order.  The Clerk is also directed to mail a copy of the Local Rules to the plaintiff.

This 21st day of July, 2014.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge