UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| STACY D. DAVIDSON-STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-137-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WEST ASSET MANAGEMENT, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Stacy Davidson-Stevenson filed this action in the Pulaski District Court, Small Claims Division. Because Davidson-Stevenson asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, Defendant West Asset Management, Inc. ("West Asset") removed the case to this Court. [Record No. 1] Shortly thereafter, the defendant moved the Court to dismiss Davidson-Stevenson's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 3]

Although Davidson-Stevenson did not respond to the motion, the Court concluded that the claims asserted under the FDCPA should not be summarily dismissed. Instead, the Court granted the plaintiff leave to file an Amended Complaint to correct the deficiencies identified in her original pleading. As explained in the Memorandum Opinion and Order filed on July 21, 2014,

> to establish a claim under the FDCPA, a plaintiff must show that: (1) she is a "consumer" as defined in 15 U.S.C. § 1692a(3); (2) the "debt" arises out of a transaction that is "primarily for personal, family or household purposes;" (3) the defendant is a "debt collector" as defined in the FDCPA; and (4) the defendant has violated one of the prohibitions in the FDCPA. (citations omitted)

[Record No. 4] Because complaints filed by *pro se* litigants are to be liberally construed and are held to less stringent standards than formal pleadings prepared by attorneys, the plaintiff was allowed to file an amended pleading within fourteen days to clarify and assert: (1) whether she is asserting a claim as a consumer; (2) whether she is asserting that the alleged debt was incurred primarily for personal, family or household purposes; (3) whether she is asserting that the defendant is a debt collector; and (4) the date of the initial communication from the defendant. The plaintiff was also directed to submit copies of the correspondence referenced in her state court Complaint. [*Id.*]

Plaintiff Davidson-Stevenson failed to comply with the Court's prior Order. As a result, on August 21, 2014, Defendant West Asset filed a renewed motion to dismiss. [Record No. 7] In this motion, the defendant reincorporated its earlier arguments based on the deficiencies in the plaintiff's Complaint.

Having again reviewed this matter, the Court will grant the relief requested by West Asset. Despite the fact that the plaintiff has been given more than adequate time to amend her pleading to assert necessary elements of a claim under the FDCPA, she has failed to do so. Under such circumstances, additional deference to Davidson-Stevenson's status as a pro se litigant is not required. Accordingly, because the plaintiff has failed to allege: (1) that she is a consumer as defined by the FDCPA; (2) that the alleged debt in issue arises out of transactions which are primarily for personal, family, or household purposes; (3) that West Asset is a debt

collector as defined by the FDCPA; and (4) that West Asset violated applicable provisions of the FDCPA, this action will be dismissed.

Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's renewed motion to dismiss [Record No. 7] is **GRANTED**.

2. This matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

This 21st day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge